```
 _____ FILED          _____ RECEIVED
 _____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

            APR 2 6 2012

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
 BY: _____ DEPUTY
```

1   **Taylor-Lee: Family of Reynolds,**
    **Connie-Burlyne: Family of Evans**
    **5691 Camus Road**
2   **Carson City, Nevada [89701]**
    **(775) 230-4277**
3   **conyeaevans@gmail.com**

4

5                    **In the district court of the united states**

6                         **for the district of nevada**

7   **Taylor-Lee: Family of Reynolds and**          ]
    **Connie-Burlyne: Family of Evans**             ]
8   **Executor Legitimus/Executrix Legitima**       ]
                                                     ]
9              **Claimant/Petitioners**             ]   **Case No. 3:11-cv-00910-RCJ -VPC**
                                                     ]
10             **vs.**                               ]
                                                     ]
11  **Robert Clive Jones**                          ] **Petition and demand for evidentiary hearing**
    **HOMECOMINGS FINANCIAL**                       ] **and order to show cause concerning Adverse**
12  **NETWORK, INC. et al., GMAC**                  ] **Claimants-Respondents failure to prove**
    **MORTGAGE et al., DEUTSCHE**                   ] **Subject Matter Jurisdiction on the court**
13  **BANK TRUST COMPANY AMERICAS**                 ] **record after demand by Petitioner's and**
    **et al., RESIDENTIAL FUNDING**                 ] **demand for imposition of judicial**
14  **COMPANY, LLC et al.,**                        ] **misconduct**
    **EXECUTIVE TRUSTEE SERVICES, LLC.,**           ]
15  **FANNIE MAE,  CEREBRUS CAPITAL**               ]
    **MANAGEMENT,   LSI TITLE CO. INC.,**           ]
16  **NEVADA LEGAL NEWS,**                          ]
    **DEPARTMENT OF TREASURY a/k/a**                ]
17  **INTERNATIONAL MONETARY FUND,**                ]
    **PITE DUNCAN LLP, STEWART TITLE**              ]
18

19

20  **Adverse Claimants and Respondents, et. al**

21  __**Objection to hearing on Tuesday, May 29, 2012 @ 2:00 p.m.,Due to the Courts**__

22  __**Lack of Subject Matter Jurisdiction as Evidenced in this Petition**__

23          Comes now, Connie-Burlyne: Family of Evans, and Taylor-Lee: Family of Reynolds, and

24  hereby  sues  Respondents-Defendants  for  emergency  injunctive,  judicial  misconduct  "un

25

                                            1

becoming" under Rules Enabling Acts 28 U.S.C.A. §§ 2071-2074 Supreme Court Rule 8, Federal

Rules of Appellate Procedure Rule 38 and 46(b) and Sanctions under F.R.C.P. 11 for bogus and

frivolous claims and 83 (b) and Declaratory Judgment under title 28 §§ 2201-2202.

### I. **Parties and district court lack subject matter jurisdiction**

1.      Plaintiffs- Petitioners Taylor-Lee: Family of  Reynolds, Connie-Burlyne: Family

of Evans are before this Special Court of Equity and Record in the Legal Capacities of  Executor,

Executrix, Donors, Grantors, Heirs and Beneficiaries of the Legal Estates of the Decedents

TAYLOR REYNOLDS and CONNIE EVANS under the Nevada Trust Act NRS Chapters

163.008 and 163.010 .

Petitioners are making this petition without the aid of counsel and will support said

petition with verification of the necessary and essential facts, and a Clerk certified the court

docket as evidence of the record.

2.      Defendants jointly and/or separately (hereinafter "Defendants") are or were, at all

material times hereto, "in charge of" foreign corporations whose corporate domicile and alleged

authority to do business in the State of Nevada is unknown and hereby questioned by Petitioners.

3.      Honorable Judge Robert Clive Jones hereinafter judge is a person presumed to be a

licensed member of the bar with an oath of office in the regards to his duties as judge. It is

presumed that respondent is mandated by the cannon of judicial ethics in regards to his

performance in his ministerial capacities in his role as a judge. Judge Robert Clive Jones has

failed to perform his required ministerial  duty as a Trustee under the Constitution as  an Express

Trust of which  Plaintiffs-Petitioners Taylor-Lee: Family of  Reynolds, Connie-Burlyne: Family

of Evans are Beneficiaries and Constituent Members of the Posterity under the preamble under

2

Article 3 §§ 1 & 2 of the federal constitution of which Standing and Subject Matter Jurisdiction are Threshold Issues and which this court is required to rule on Sua Sponte under Judge Robert Clive Jones's Oath of Office as a non- discretionary function when noticed to do so by Petitioners.

4.  This Court is in want and lack of r Subject Matter Jurisdiction and Venue because a substantial part of the events and omissions giving rise to Claimants Petition is a direct result of said respondents refusing to prove Subject Matter Jurisdiction as challenged, hence depriving the Respondent Court of Subject Matter Jurisdiction at inception and the Respondent Judge Robert Clive Jones refusing to perform his ministerial duty mandating respondents to prove Subject Matter Jurisdiction as mandated injunctive relief against Respondents-Defendants is now sought.

5.  This Petition is based upon the un- controverted facts of the record in this case clearly reflect that Judge Robert Clive Jones was without Subject Matter Jurisdiction for a multitude of reasons that will be explained in the Memorandum attachment hereto and incorporated herein.

6.  Petitioners became aware of a cause being filed to unlawfully seize property by parties that have no Subject Matter Jurisdiction to do so, as It has come to the Petitioners attention that this court is apparently, attempting to ignore Petitioner judiciary notice of ministerial duty mandating respondents to prove Subject Matter Jurisdiction as challenged, and duty to cease unlawful hearings and demand that Subject Matter Jurisdiction be proven, in total absence of Subject Matter Jurisdiction / authority to do so.

7.  Petitioners are submitting this demand for evidential hearing and order to show cause concerning defendants' refusal to prove Subject Matter Subject Matter Jurisdiction and to cease the unlawful hearings and remand said cause back to state court with original Subject Matter

3

Jurisdiction or demand that Subject Matter Jurisdiction be proven, and an entry of order to show

cause why sanctions should not be imposed on respondents as a result of their frivolous conduct.

**"The law provides that once State and Federal Subject Matter Jurisdiction has been challenged, <u>it must be proven</u>. "Main v.Thiboutot, 100 S. Ct. 2502 (1980) and also    stated in" Stuck v.Medical Examiners, 94 Ca 2d 751. 211 P2d 389 the court held "Once challenged, <u>Subject Matter Jurisdiction cannot be assumed</u>, it must be proved to exist. "Stuck v. Medical Examiners, 94 Ca 2d 751.     211 P2d 389.**

8.      Each of the named Respondents-Defendants and/or their successors, individually

and in their official capacity as President/CEO of their respective business entities, the ens legis

being used to conceal ultra vires acts as actual and constructive fraud, were and/or are the decision

makers for those alleged entities and the persons that expedited the ens legis to defraud

Petitioners.

9.      Respondents as the subject of the Subject Matter Jurisdictional challenge, did

not show where respondent court has original Subject Matter Jurisdiction in this Matter,

**"Federal courts are courts of limited Subject Matter Jurisdiction, and may only exercise Subject Matter Jurisdiction when specifically authorized to do so. A party seeking to invoke a federal court's Subject Matter Jurisdiction bears the burden of establishing that such Subject Matter Jurisdiction exists," McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).**

".  .  .  . Respondent court disregarded Petitioners Subject Matter Jurisdictional

challenge and has the responsibility by Oath of Office to assure itself that the Respondents had

standing and that subject-matter-Subject Matter Jurisdiction requirements are met at the time the

action is filed. Even without the concerns raised by the documents the plaintiffs have filed, there

is reason to question the existence of standing and want of Subject Matter Jurisdictional".

10.      On or about December 23, 2011, parties involved submitted fraudulent and invalid

documents to respondent court to try to evade and escape the state courts ruling and order issued

4

on December 21, 2011 by Judge James E. Wilson Jr. (see Exhibit A) and attempting to steal

Petitioners property, when Petitioner became aware of this attempt it appeared to Petitioner that

parties involved are making an unwarranted attack on Petitioners property by unlawful

administrative process.

**"Under the Rooker-Feldman doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with such a state adjudication."Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998). The doctrine is based on Congress' determination that lower federal courts may not directly review the decisions of a state court. Id.; see also 28 U.S.C. § 1257. "District courts lack subject matter Subject Matter Jurisdiction once a state court has adjudicated an issue because Congress has conferred only original Subject Matter Jurisdiction not appellate Subject Matter Jurisdiction on the district courts."Guarino v. Larsen, 11 F.3d 1151,1156-57 (3d Cir. 1993).**

Petitioners have no adequate remedy at law to redress the harm complained of. The lack of

Subject Matter Jurisdiction on the face of the record and attempted theft of the Petitioners

property, under the circumstances of record, is contrary to equity and good conscience in that such

sale is being instituted by parties who have no legal standing to institute an alleged "Trustee sale,"

ab initio.

11.     Petitioners are exercising their rights to defend property and have made demand on

Judge Robert Clive Jones to cease all unlawful hearings concerning alleged 3:11-cv-00910-RCJ -

VPC, hold the mandatory hearing requiring the respondents to prove Subject Matter Jurisdiction as

challenged, once respondent Judge Robert  Clive Jones was aware of the petitioners notice of the

courts   absence and challenge of Subject Matter Jurisdiction respondent Judge Robert Clive Jones

defiantly never once even attempted to hold the mandatory hearing requiring the defendants to prove

Subject Matter Jurisdiction as challenged by and demanded by Petitioner, never submitting material

fact to prove Subject Matter Jurisdiction from inception as challenged and demanded by Petitioner,

1   demonstrating the total absence of Subject Matter Jurisdiction that renders said proceedings of

2   respondent court void on the face of the record.

3       12.   Petitioners have challenged Subject Matter Jurisdiction of alleged 3:11-cv-00910-RCJ

4   -VPC by Mandatory Judicial Notice and judiciary notice of ministerial duty, NRS Chapter 47.140

5   Judicial Notice of the following Matters of Law, and were never answered by respondents, as if they

6   were and are never required to prove Subject Matter Jurisdiction when challenged by Petitioners;

7       **"There is no discretion to ignore that lack of Subject Matter Jurisdiction." Joyce v. US,
     474 F2d 215."No sanction can be imposed absent proof of Subject Matter Jurisdiction.""Once
8    challenged, Subject Matter Jurisdiction cannot be ´assumed´; it must be proved to exist!"
     Stanard v. Olesen, 74 S.Ct. 768.**

9

10  Once subject matter Subject Matter Jurisdiction is challenged, the respondent judge cannot ummarily

11  rule upon it as court is deprived of Subject Matter Jurisdiction to hold proceedings, rendering said

12  proceedings void on the face of the record.

13  ## The district court acted outside and above the law

14      13.   The district court, was judicially noticed that the district court was deprived  of and

15  lacked subject matter Subject Matter Jurisdiction and ·lacks discretion when   Subject Matter

16  Jurisdiction is challenged and all proceedings are void and was  judicially noticed that until want and

17  lack of Subject Matter Jurisdiction as challenged by petitioner is proven, all pleadings and

18  proceedings are barred by doctrine, acted outside and above the law to  ignore Petitioners judiciary

19  notice of ministerial duty, mandating respondents to prove Subject Matter Jurisdiction as challenged,

20  and duty to cease unlawful hearings and demand that  Subject Matter Jurisdiction be proven , in total

21  absence of Subject Matter Jurisdiction / authority to do so and outside and above the law to move

22  forward wholly without Subject Matter Jurisdiction on the face of the record and damaging

23  petitioners in the process.

24

25                                                6

14.     The district court has no discretion to deny the relief in the form of ceasing void proceedings and refusing to remand the matter back to State Court of Subject Matter Jurisdiction.

15.     Judge Robert Clive  Jones in  refusing to perform his ministerial duty failed to exercise its inherent power to  cease all void hearings concerning alleged 3:11-cv-00910-RCJ -VPC and Remand cause back to the state court of Original Subject Matter Jurisdiction, in an absolute and total refusal to perform ministerial duty and in attempt to avoid the mandatory requirement defiantly refused to  require Respondents to prove  Subject Matter Jurisdiction as challenged by petitioners as evidenced on the face of the record, indicating that  Judge Robert Clive Jones is fully aware that Respondent/s never established  Subject Matter Jurisdiction and is appearing to assist Respondent/s in continuing to  move forward in absence and want of  Subject Matter Jurisdiction damaging Petitioners and in violation of the law.

16.     Judge Robert Clive Jones is in violation and breech of his Oath of Office and Ministerial Duties compelled by the cannon of ethics in regards to his office and who has flagrantly violated the laws when those laws absolutely require specific performance from the respondent/s and Judge to give the Petitioners the relief sought.

17.     Judge Robert Clive Jones has a clear legal duty to act pursuant to his oath of office, under an Express Trust and the cannon of ethics in reporting unethical conduct of attorneys that occur in his court and in his presence.

18.     Judge Robert Clive Jones clearly observed the fraud and ultra vires acts upon the court in light of Respondent/s filing deceptive fraudulent/frivolous documents into the court to evade proving  Subject Matter Jurisdiction as challenged with the intent that Petitioners  and the court would rely on, and to deprive Petitioners of Their money, property and rights and in attempt to avoid the requirement to prove  Subject Matter Jurisdiction in the first instance, indicating that  Judge is

7

fully aware that the  Respondent/s never established Subject Matter Jurisdiction in the first instance and appears to be assisting Respondent/s in continuing to unlawfully move forward in absence of Subject Matter Jurisdiction and in violation of the law.

19.     Judge Robert Clive Jones knew or should have known that he had a ministerial duty to comply with the un-controverted facts of the record and act accordingly thereto as demanded by Petitioners. The Mandatory Judicial Notice and memorandum in support was made and filed in the respondent court in that Petitioners have no plain, speedy or adequate remedy in the ordinary course of law as a void judgment and void proceedings are not appealable as any proceedings coming from a court deprived of Subject Matter Jurisdiction are total nullities.

20.     Proof of Subject Matter Jurisdiction as challenged is not a discretionary act and requires the ministerial act of holding the mandatory hearing requiring the respondents to prove Subject Matter Jurisdiction as challenged and if respondents fail to do so, Remand back to State Court of Subject Matter Jurisdiction .

**On the basis that the underlying proceedings are void, " 'relief is not a discretionary matter; it is mandatory'". Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994) (quoting V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 n.8(10th Cir. 1979)).**

21.     Petitioners have a clear legal right and duty to demand of the respondent court to remand this case and matter back to the state court of Subject Matter Jurisdiction, there is no basis and/or foundation in law to commence a proceeding wholly without Subject Matter Jurisdiction on the face of the record using fraudulent, frivolous, forged and/or false documents.

22.     Judge Robert  Clive Jones has a clear legal duty under both the law and his Oath of Office and his job required specific performance based on the face of the record.

8

23.    Pursuant to NRS 2.120 and Chapters and the Nevada Rules of Civil Procedure; Petitioners request an Order to Show Cause as to why Defendants should not be sanctioned for filing a deceptive, invalid, fraudulent/frivolous documents that have been unlawfully filed and/or recorded in the united states district court in and for the state of Nevada, clerk of the court's office by Respondents attempting to evade proving Subject Matter Jurisdiction as challenged, attempting to deprive Petitioners of money, property and rights and in attempt to avoid the requirement to prove Subject Matter Jurisdiction in the first instance as challenged by Petitioners

24.    It is likely that Petitioners will recover from Defendants in State Court of original proceeding after this original Matter is remanded back to State Court of Subject Matter Jurisdiction, as it has become obvious to Respondents that Remedy sought by Petitioners original action filed in State Court is likely and inevitable and respondents in a reckless and desperate move to escape that inevitability, have attempted to obstruct petitioners valid claim and are attempting to steal Petitioners property, and deprive Petitioners of money, property and rights in avoiding the inevitable judgment favorable to Petitioners in State Court of original proceeding .

25.    Respondents conduct will result in Petitioners Right to Due Process of Law being negated and unlawfully placing a cloud on the title to Petitioners real property.

26.    Further, immediate action is necessary because Petitioners have no adequate remedy at law.  Based on these facts, Petitioners believe that the Respondents' deceptive actions will deprive Petitioners of their right to Due Process of Law.

27.    Pursuant to Nevada Rules of Civil Procedure NRS 2.120, Petitioners Petition this Court to Remand this original matter back to State Court of Subject Matter Jurisdiction or order Defendants to cease and desist all actions, against Petitioners until such a time as Defendants disprove all of the allegations set forth herein.

9

Wherefore, Petitioners respectfully demand this Court:

A.     Immediately Remand this original matter back to State Court of Subject Matter Jurisdiction and enter an Order for an evidential show cause hearing concerning Defendants' filing of frivolous/false documents into public office.

B.     Enter an Order for an evidentiary/show cause hearing demanding Respondents to show cause why they should not be sanctioned Pursuant to NRS 2.120 of the Nevada Rules of Civil Procedure;

C.     For any other and further relief which the Court deems just and proper.

## Verification

We, Taylor-Lee: Family of Reynolds and Connie-Burlyne: Family of Evans certify and declare the following; that We have read the contents of the above Petition as a Deposit for a Special Purpose and know that the statements and contents are true and correct to the best of our Knowledge and belief and we, certify to this under penalties of perjury under the laws of the united states of america. Sealed, Signed, Executed, Attested, Acknowledged and Delivered by

This 25th day of April, 2012 and expressly reserving all liberties:

By: _Taylor-Lee ; Family of Reynolds_ (seal)

Taylor-Lee/Family of Reynolds -Grantor-Grantee, Testator-Executor Legitimus-Exequatur to the TAYLOR/LEE REYNOLDS, estate

By : _Connie- Burlyne ; Family of Evans_ (seal)

Connie-Burlyne: Family of Evans -Grantor-Grantee-Testatrix-Executrix Legitima-Exequatur to the CONNIE BURLYNE EVANS, estate

10

## NOTARY PUBLIC'S JURAT

BEFORE ME, the undersigned authority, a Notary Public, State of Nevada, this 25th day of April, 2012 a natural living man known as grantor-grantee-donor-executor legitimus-exequatur-grantee-heir-beneficiary-testator Taylor-Lee: Family of Reynolds and a natural living woman grantor-grantee-donor-executrix-legitima-exequatur-heir-beneficiary-testatrix Connie-Burlyne: Family of Evans, did appear before me by special appearance, and being known to me, upon first being duly sworn and/or affirmed, deposes and says that the foregoing asseveration is true to the Best of his knowledge and belief under the laws perjury of the United States of America.

WITNESS my hand and official seal.

/s/ _____          (seal)

Notary Public, State of Nevada

My Commission Expires On: ___10/13/14___          (stamp)

SHARAE WIGLEY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-13-14
Certificate No: 10-3448-3

11

**Memorandum of Points and Authorities in support of Petition and demand for evidentiary hearing and order to show cause concerning defendants' refusal to prove Subject Matter Jurisdiction and filing of false and fraudulent documents into a public record and Petition and demand for Judicial Misconduct and Disbarment proceeding before the supreme court:**

## Standing

I.  In its constitutional dimension, standing imports justiciability, i.e., whether plaintiff has made out a "case or controversy" between himself and defendant. U.S.C.A. Const. Art. 3, § 2, cl. 1.

II.   The Standing Requirement

[14] The U.S. Supreme Court has stated the standing as follows: "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling."

III. Supreme Court Cases in support of standing

Davis v. Fed. Election Comm'n, --- U.S. ----, 128 S.Ct. 2759, 2768, 171 L.Ed.2d 737 (2008). [15][16] Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Hence, "a defect in standing cannot be waived; it must be raised, either by the parties or by the court, whenever it becomes apparent." U.S. v. AVX Corp., 962 F.2d 108, 116 n. 7 (1st Cir.1992). [17][18] The inquiry into standing "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise."

Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). "In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III," Id.

[19] Apart from this minimum mandate, the Supreme Court recognizes other limits on the class of persons who may invoke the courts' decisional remedial powers. Id. at 499, 95 S.Ct. 2197. These prudential limitations are self-imposed rules of judicial restraint, and principally concern whether the litigant (1) asserts the rights and interests of a third party and not his or her own, (2) presents a claim arguably failing outside the zone of interests protected by the specific law invoked, or (3) advances abstract questions of wide public significance essentially amounting to generalized grievances more appropriately addressed to the representative* 769 branches. See In re Newcare Health Corp. 244 B.R. 167, 170 (1st Cir. BAP 2000).

IV. Contrast with Real Party in Interest

[20] In the context of relief from the automatic stay, the requirements of standing and real party in interest are often confused because of the similarity in language between § 362(d) and Rule 17 of the Federal Rules of Civil Procedure. Section 362(d) provides that relief from stay shall be granted "[O]n request of a party in interest." This is a substantive requirement, and it is relatively broad: many parties are parties in interest for the purposes of § 362(d). IndyMac rightly argues that it qualifies as a party in interest for this motion. [21] The "real party in interest" requirement, on the other hand, is generally regarded as one of many "prudential" considerations that have been "judicially engrafted onto the Article III requirements for standing." See, e.g., In re Village Rathskeller, 147 B.R. 665, at 668 (Bankr.S.D.N.Y.1992). To obtain relief in federal court, a party must meet both the constitutional requirements (standing) and the prudential requirements (including real party in interest). Morrow v. Microsoft Corp., 499 F.3d 1332, 1339 (Fed.Cir.2007); see also Village Rathskeller, Inc., 147 B.R. at 668 (citing Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) for the proposition that "[t]he concept of standing subsumes a blend of constitutional requirements and prudential considerations"). A party may have standing-having suffered an "injury in fact"-but this may not make it the real party in interest. See, e.g., Whelan v. Abell, 953 F.2d 663, 672 (D.C.Cir.1992). Conversely, a party may be the real party in interest, but lack standing. See, e.g., Davis v. Yageo Corp., 481 F.3d 661 (9th Cir.2007). Given that IndyMac has possession of the note here at issue, no detailed analysis is required to show that it clearly meets the standing requirements. Accord, In re Conde-Dedonato, 391 B.R. 247, 250-51 (Bankr.E.D.N.Y.2008) (standing to file a proof of claim). This case is thus different from In re

13

Hayes, 393 B.R. 259 (Bankr.D.Mass.2008), where the movant seeking relief from stay failed to show that it ever had any interest in the note at issue. In that case, the court found that the movant lacked standing altogether to bring the motion because it failed to show that the note was ever transferred to it, and thus it had no rights of its own to assert. See id. at 266-68; accord, In re Maisel, 378 B.R. 19, 20-22 (Bankr.D.Mass.2007) (denying standing where movant did not acquire note until after filing motion for relief from stay).

V. district court's responsibility Sua  Sponte in Raising of Real Party in Interest

Issue;

[22] IndyMac argues that it is improper for the court to raise sua sponte the issue of whether IndyMac is the real party in interest for this motion. The court overrules this objection. The governing principle on this issue was articulated more than sixty years ago by Judge Learned Hand, perhaps the most distinguished U.S. jurist who never sat on the U.S. Supreme Court. Judge Hand stated: "A judge is more than a moderator; he is charged to see that the law is properly administered, and it is a duty which he cannot discharge by remaining inert." United States v. Marzano, 149  F.2d 923, 925 (2d Cir.1945).

The continuing vitality of this principle is shown in *770  In re Bear Stearns  Page 14   396 B.R. 757, 67 UCC Rep. Serv.2d  319 (Cite as: 396 B.R. 757).

Credit Strategies Master Fund, Ltd., 389 B.R. 325, 335 (S.D.N.Y.2008) , where the district court quoted this statement from Judge Learned Hand in rejecting a similar attack on the bankruptcy court's sua sponte raising the issue of the qualification of a foreign debtor to obtain recognition of a foreign proceeding under § 1517. The district court specifically approved the bankruptcy court's procedure in requiring an evidentiary hearing sua sponte (as the court has done in this case), pursuant to which the bankruptcy court had found that the evidence was insufficient to show that the foreign proceeding qualified for recognition as either a main proceeding or a non-main proceeding. The propriety of the court's raising sua sponte the real party in interest qualifications of IndyMac is specifically supported in addition by the only circuit court decision to address this issue, Weissman v. Weener, 12 F.3d 84, 85-86 (7th Cir.1993), which affirmed the district court's

14

raising sua sponte the Rule 17 issue. IndyMac concedes that this is the Seventh Circuit rule. IndyMac contends that there is a split among the circuits on this issue, and that the Sixth Circuit has adopted the opposite view in an ancient case, Kardo Co. v. Adams, 231 F. 950 (6th Cir.1916). However, IndyMac (and perhaps the Weissman court as well) have misread the Kardo case. The issue in Kardo, which the trial court raised sua sponte, was quite different: whether the corporate plaintiff was in fact a corporation at all, and thus had capacity to sue, in light of its apparently defective incorporation under Ohio law. The circuit court found that the defendant could not raise the lack of corporate status as a defense, under the facts of the case. See id. at 959-72. The circuit court's additional comment in Kardo, that the corporation was the real party in interest, is given no analysis at all (after fourteen pages of analysis of the plaintiff's corporate status), and is purely dicta. In addition, the court made no reference at all to Equity Rule 37 (the predecessor of Rule 17), which contained the "real party in interest" language now found in Rule 17. This court concludes that the Sixth Circuit's reference to "real party in interest" in Kardo is a different concept from that found in Rule 17, and is of no relevance in this case.

VI. Required Joinder of Parties

[23] Rule 17 is not the end of the procedural difficulties before the court. Movant must also comply with the joinder requirements of Rule 19 by bringing before the court every person with an interest in the note. Rule 17 must be interpreted together with Rule 19, which requires the joinder of parties in appropriate circumstances. See 6A WRIGHT § 1543. IndyMac fails to satisfy the required joinder of parties rule in this case.

Joinder of a person under Rule 19 is required whenever nonjoinder would produce one of the following effects: (a) nonjoinder prevents complete relief from being accorded among those who are parties to the action; (b) the absentee claims an interest relating to the subject matter of the action and is so situated that disposing of the matter in that person's absence may (i) as a practical matter impair or impede that person's ability to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of that party's interest.FN16 The *771 purpose of Rule 19 is "to bring before the court all

15

persons whose joinder would be desirable for a just adjudication" of the matter before the court. 7 WRIGHT § 1604. FN16. The Rule 19 provides in relevant part:

VII. <u>Persons Required to Be Joined if Feasible.</u>

(1) Required Party.

A person who is subject to service of process ... must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Court Order.

If a parson has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff....

(b) When Joinder Is Not Feasible.

16

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment (B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

(c) Pleading the Reasons for Nonjoinder. When asserting a claim for relief, a party must state:

(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and

(2) the reasons for not joining that person. It is the (b) (i) alternative that applies in this case. Proceeding with relief from stay without the joinder of the owner of the note makes it impossible (and impractical) to protect the interest of the real owner with respect to the note here at issue. Indeed, the protection of its interest is particularly problematic, given that the FDIC has taken over IndyMac, and the real owner may be reduced to making a claim in the IndyMac receivership instead of collecting on the note. Unlike Rule 7017 (incorporating the Rule 17 real party in interest rule), Rule 7019 (incorporating Rule 19 by reference) is not applicable automatically to contested matters (including relief from stay motions) in a bankruptcy case. However, after specifying the Part VII rules that apply automatically to contested matters, Rule 9014(c) states: "The court may at any stage in a particular matter direct that one or more of the other rules in Part

17

1   VII shall apply." In this case, the court has directed that Rule 7019 applies to this motion for relief
2   from stay.

3   FN17. Rule 9014 further requires the court to give notice to the parties of an order making any
    non-specified rule applicable "to afford them a reasonable opportunity to comply with the
4   procedures prescribed by this rule." The court has given this notice to IndyMac, which has refused
5   to join the owner of the note as a party to this motion, and has refused to plead or otherwise state
6   any reasons for its nonjoinder.

7   [24] There is no precise formula for determining whether a particular non-party must be joined
8   under Rule 19(a). The application of the rule turns on the facts of the individual case in light of
9   the general policies of (a) avoiding multiple litigation, (b) providing the parties with complete and
10  effective relief in a single action, and (c) protecting the absent persons from the *772 possible
11  prejudicial effect of deciding the case without them. 7 WRIGHT § 1604. IndyMac gives no
    explanation for its failure to join the owner of the note in this motion. The likely reason is that
12  IndyMac does not know who the owner is, and thus cannot have any authority to join the owner
13  voluntarily. If IndyMac were the duly authorized loan servicer for the owner, the servicing
14  agreement would presumably authorize IndyMac to join the owner of the note in this motion, and
15  the problem would disappear. If the servicing agreement did not grant this authority, IndyMac
    should have obtained authority from the owner to join the owner as a movant in this case.
16

17  VIII.   "Statements of counsel in brief or in argument are not facts before the court and are
    therefore insufficient for the court's summary conclusion, " Trinsey v. Pagliaro, D.C. Pa.
18  1964, 229 F. Supp. 647.

19  IX.   "When it clearly appears that the court lacks Subject Matter Jurisdiction, the court has no
20  authority to reach the merits. In such a situation the action should be dismissed for want of
21  Subject Matter Jurisdiction." Melo v. US, 505 F2d 1026, 1030.

22  X.   "However late this objection has been made, or may be made in any case, in an inferior or
23  Appellate court of the United States, it must be considered and decided, before any court can
24  move one further step in the cause; as any movement is necessarily the exercise of Subject Matter
    Jurisdiction." Rhode Island v. Massachusetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838).
25

18

XI.   "When Subject Matter Jurisdiction is challenged the burden of proof is on the government." Title 5 U.S.C. §556(d) "No sanction can be imposed absent proof of Subject Matter Jurisdiction." "Once challenged, Subject Matter Jurisdiction cannot be assumed, it must be proved to exist!" Stanard v. Olesen, 74 S.Ct. 768.

XII.   "The law requires proof of Subject Matter Jurisdiction to appear on the Record of the administrative agency and all administrative proceedings." Hagans v. Lavine, 415 U.S. 533.

XIII.   Subject Matter Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert Subject Matter Jurisdiction. The burden of proof of Subject Matter Jurisdiction lies with the asserter.

XIV. The court is only to rule on the sufficiency of the proof tendered. See McNutt v. GMAC, 298 US 178. The origins of this doctrine of law may be found in Maxfield's Lessee v Levy, 4 US 308.

XV.   "There is no discretion to ignore lack of Subject Matter Jurisdiction." Joyce v. U.S. 474 2D 215

XVI.   "The law provides that once State and Federal Subject Matter Jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).

XVII. "Subject Matter Jurisdiction can be challenged at any time." and "Subject Matter Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.

XVIII. "Once challenged, Subject Matter Jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389.

IXX.   "Under the Rooker-Feldman doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined

19

with such a state adjudication. "Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998). The doctrine is based on Congress' determination that lower federal courts may not directly review the decisions of a state court. Id.; see also 28 U.S.C. § 1257. "District courts lack subject matter Subject Matter Jurisdiction once a state court has adjudicated an issue because Congress has conferred only original Subject Matter Jurisdiction not appellate Subject Matter Jurisdiction on the district courts. "Guarino v. Larsen, 11 F.3d 1151, 1156-57 (3d Cir. 1993).

XX.  Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Hence, a defect in standing cannot be waived; it must be raised, either by the parties or by the court, whenever it becomes apparent." U.S. v. AVX Corp.,962 F.2d 108, 116 n. 7 (1st Cir.1992).

XXI.   As the Third Circuit has noted, although the rule barring review of state decisions by lower federal courts "is easily stated, the test for determining whether a particular litigant seeks such direct review is more complex.". Gulla, 146 F.3d at 171. A federal proceeding is barred under Rooker-Feldman "when entertaining the federal court claim would be the equivalent of an appellate review of [the state court] order." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). To put it another way, "Rooker-Feldman applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." Id.

XXII. Subsequent courts have interpreted and expanded upon the Supreme Court's decision in Younger v. Harris and have established a three-prong test to determine whether a federal court should abstain from hearing a case:

> (1) there must be an ongoing state judicial proceeding to which the federal plaintiff is a party and with which the federal proceeding will interfere,

> (2) the state proceedings must implicate important state interests, and

(3) the plaintiff must be afforded an adequate opportunity in the state proceedings to raise constitutional claims.

See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, (1982); FOCUS, 75 F.3d at 843.

In O'Neill, the Third Circuit was faced with the following question:

"[W]hether a state proceeding is 'pending' and Younger abstention proper, where the adjudicatory process has become final as a result of the federal claimant's failure to pursue state-court judicial review of an unfavorable state administrative determination?"

XXIII. Acts of Attorneys in this case are Ultra Vires, Conduct Unbecoming and subject to Disbarment and Sanctions under applicable supreme court Rule 8, F.R.C.P. 11 and 83 (b) and Federal Rules of Appellate Procedure 38, 47 (b) and 28 U.S.C.A. §§ 2071 and 2072 as the Enabling Acts viz;

§ 804.04 Supreme Court, on Rare Occasions, Directly Disbars Attorneys Using "Conduct Unbecoming"

Standard of Rule 8

The Supreme Court has never directly construed the "conduct unbecoming" language of Supreme Court Rule 8, but the "conduct unbecoming" language of Rule 8 is very similar to the language used in Fed. R. App. P. 46. Rule 46(b) states:

Rule 46(b), (c). Attorneys.

(b) Suspension or Disbarment.

(1) Standard. A member of the court's bar is subject to suspension or disbarment by the court if the member:

(A) has been suspended or disbarred from practice in any other court; or

21

1    (B) is guilty of conduct unbecoming a member of the court's bar.

2    (2) Procedure. The member must be given an opportunity to show good cause, within the time

3    prescribed by the court, why the member should not be suspended or disbarred.

4    (3) Order. The court must enter an appropriate order after the member responds and a hearing is

5    held, if requested, or Page 1 after the time prescribed for a response expires, if no response is

6    made.

7    (c) Discipline. A court of appeals may discipline an attorney who practices before it for conduct

8    unbecoming a member of the bar or for failure to comply with any court rule. First, however, the

9    court must afford the attorney reasonable notice, an opportunity to show cause to the contrary,

10   and, if requested, a hearing. Legislative History [Adopted Dec. 4, 1967, effective July 1, 1968;

     amended Mar. 10, 1986, effective July 1, 1986; Apr. 24, 1998, effective Dec. 1, 1998.]

11

12   The Supreme Court reviewed Appellate Rule 46 in In re Snyder and upheld the of the Fed. R.

13   App. P. 46 "conduct unbecoming" standard, finding that it was not too vague when read in light of

     "case law, applicable court rules, and 'the lore of the profession' as embodied in the codes of

14   professional conduct" (see generally §§ 803.03 -803.06) n1

15

16   There are very few discipline cases that have actually been initiated solely for conduct before the

     Supreme Court itself, rather than for conduct relating to lower courts. Two cases from the mid-

17   1930's may have been initiated solely in the Supreme Court. These petitions resulted in

18   disbarment for "conduct unbecoming a member of the bar," but it is not clear to which "bar" the

19   Court is referring. The necessary information to discover the actions for which these attorneys

     were disbarred remain buried in the National Archives, and is almost impossible to find because

20   these cases were not given docket numbers or United States Reporter cites. n2 It is possible that

21   there are more cases in which the Court used the "conduct unbecoming" standard at the Supreme

22   Court level, but, before 1972, these cases were not assigned docket numbers unless there was a

23   constitutional issue involved. The records only contain brief Court memos ordering attorneys "to

24   show cause." The facts of each case are skeletally outlined, if they are mentioned at all. The

     Supreme Court show cause and disbarment orders can be found at the back of the United States

25

Reports in the "Miscellaneous Orders" section. Prior to 1972, some orders are available, but the records are not comprehensive or complete. The files on most disbarment proceedings, including the responses to the show cause orders and any other materials filed, have been transferred to the National Archives. n3

In at least three cases, the Supreme Court acted solely because of conduct before the Supreme Court itself. In In re Gilbert, an attorney refused to return fees, despite a Supreme Court order requiring him to do so. He was suspended for six months solely from the bar of the Supreme Court, and ordered to pay costs. n4 Chief Justice Taft, writing for the Court, observed, "[M]ere restitution [of the fees] is not enough, considering respondent's departure from duty. We must give our actions a punitive quality to mark the high obligation of the members of the bar to respect decisions of the Court." n5 Another attorney was disbarred by the Supreme Court for failing to respond to five letters sent by the Court clerk regarding deposits for payments costs in a prior case. n6 In a third case, the Supreme Court disciplined an attorney when he failed to respond to communications from the Court clerk regarding a pending case. n7 It should be emphasized that these very few cases of attorneys disbarred by the Supreme Court directly under the "conduct unbecoming" standard all involved behavior that would be considered unprofessional by practically every attorney, such as ignoring court orders or official inquiries. n8

Legal Topics:

For related research and practice materials, see the following legal topics:

Legal Ethics Professional  Conduct General Overview Legal Ethics Sanctions General Overview Legal Ethics Sanctions Disbarments Legal Ethics Sanctions Disciplinary Proceedings General Overview Legal;

Page 2

30-804 Moore's Federal Practice - Civil § 804.04

Ethics Sanctions Suspensions

FOOTNOTES:

(n1)Footnote 1. Court upheld constitutionality of Fed. R. App. P. 46's "conduct unbecoming" standard. In re Snyder, 472 U.S. 634, 643-645, 105 S. Ct. 2874, 86 L. Ed. 2d 504 (1985) .

(n2)Footnote 2. Mid-1930's cases initiated by Court, resulting in disbarment for "conduct unbecoming a member of the bar." See In re Hall, 56 S. Ct. 303, 80 L. Ed. 1413 (1935) ; In re Baker, 297 U.S. 691, 56 S. Ct. 384,

80 L. Ed. 985 (1935) ; see also K. Tucker, Disbarment and the Supreme Court of the United States, 37 Fed. B.J. 37, 45-6 (1978).

(n3)Footnote 3. See Robert L. Stern, Eugene Gressman, Supreme Court Practice 748 (7th ed., Bureau of National Affairs 1999).

(n4)Footnote 4. Attorney suspended for six months from bar of Supreme Court for refusing to return fees despite Court's order requiring him to do so. In re Gilbert, 276 U.S. 294, 295-299, 48 S. Ct. 309, 72 L. Ed. 580 ; 276 U.S. 294, 48 S. Ct. 309, 72 L. Ed. 580 (1928) .

(n5)Footnote 5. 276 U.S. at 298 ; for context, see Newton v. Consolidated Gas Company of New York, 259 U.S. 101, 105-106, 42 S. Ct. 438, 66 L. Ed. 844 (1922) .

(n6)Footnote 6. Attorney disbarred for failing to respond to five letters sent by Court clerk regarding deposits for payments costs in prior case. See In re Kagey, 58 S. Ct. 742, 82 L. Ed. 1559 (1938) .

(n7)Footnote 7. Attorney disciplined when he failed to respond to communications regarding pending case. In re Davis, 289 U.S. 704, 53 S. Ct. 658, 77 L. Ed. 1461 (1933) .

(n8)Footnote 8. K. Tucker, Disbarment and the Supreme Court of the United States, 37 Fed. B.J. 37, 43-44

(1978).

\* We are particularly grateful to Shelagh C. Newton, '00 Boston College Law School for her invaluable assistance with this chapter.

Page 3

30-804 Moore's Federal Practice - Civil § 804.04

Dated this 26th day of April, 2012.

## Affidavit/Declaration

Fifteen days from the verifiable receipt of this Petition, Judge Robert Clive Jones will immediately remand this original matter back to State Court of Subject Matter Jurisdiction and enter an Order for an evidential show cause hearing concerning Defendants' filing of frivolous, bogus and false documents into the public record demanding Respondents to show cause why they should not be sanctioned Pursuant to F.R.C.P. Rule 11 and 83(b) and 28 U.S.C.A. §§ 2071-2074 as the Enabling Acts, Supreme Court Rule 8, Federal Rules of Appellate Procedure Rules 38 and 46 (b) and the Nevada Rules of Civil Procedure NRS 2.120. For any other and further relief which the Court deems just and proper.

## INDIVIDUAL ACKNOWLEDGEMENT

1

2
state of Nevada            }

3                               }   ss

4               county of carson        }

5        On this 25th day of April, 2012, before me, the undersigned officer, personally

6  appeared Affiants-Plaintiffs-Claimants Taylor-Lee: Family of Reynolds, Connie-Burlyne:

7  Family of Evans, known to me (or satisfactorily proven) to be the Affiants-Claimants-

   Donors-Grantors-Beneficiaries-Testator-Testatrix-Executor Legitimus-Executrix Legitima

8  and the Natural Person(s) whose name(s) are subscribed to the within Affidavit and

9  acknowledged that they executed the same for the purposes therein contained.

10

11  In witness whereof, I hereunto set my hand and official seal by

    ShaRae Wigley                    residing at carson county Notary Public in and

12  for the state of  nevada.

13

14  My appointment expires _____ 10/13/14 _____

15

16
    Signature   of   Notary   Public

17

18       We declare under penalty of perjury under the laws of the United States of America that

    the foregoing is true, complete and correct. Executed on this 25th day of April, 2012

19

20  Affiant-Plaintiff-Claimant-Testator-Executor Legitimus-Exequatur-Taylor-Lee: Family of

21  Reynolds (seal)

22

23

24  Affiant-Plaintiff-Claimant-Testatrix-Executrix Legitima-Exequatur-Connie-Burlyne: Family

    of Evans (seal)

25

                                          26

## CERTIFICATE OF SERVICE

1

2        We, Taylor-Lee: Family of Reynolds and Connie-Burlyne: Family of Evans declare that
3   We are over 18 years of age and a true and exact copy of the above Petition was served on the
    alleged   Adverse Claimants and their   Counsel   by deposit in the UNITED STATES MAIL
4   Postage  prepaid,  FIRST CLASS on 4/ 26  /2012 addressed as follows:

5
             Gmac Mortgage, LLC.
6            c/o CSC SERVICES OF NEVADA, INC.
             2215-B RENAISSANCE DR
7            LAS VEGAS, NV 89119

8
             Executive Trustee Services, LLC.
9            c /o CSC SERVICES OF NEVADA, INC.
             2215-B RENAISSANCE DR
10           LAS VEGAS, NV 89119

11

12           RESIDENTIAL FUNDING COMPANY, LLC
              c /o CSC SERVICES OF NEVADA, INC.
13           2215-B RENAISSANCE DR
             LAS VEGAS, NV 89119
14

15            Homecomings Financial Network, Inc.
             HAS BEEN WITHDRAWN FROM SECRETARY OF STATE OF NEVADA
16
             Fannie Mae
17           Attn: Legal Department
             3900 Wisconsin Ave. NW
18           Washington, DC 20016-289

19
             Cerberus Capital Management
20           299 Park Ave.
             New York, NY 10171
21
              Nevada Legal News
22           c/o MR. INCORPORATION, INC.
             364 TERRACE VIEW
23           STATELINE, NV 89449/(MAILING ADDRESS) PO BOX 12397,
             ZEPHYR  COVE, NV 89448
24

25

LSI Title Company, Inc.
c/o THE CORPORATION TRUST COMPANY OF NEVADA
311 S DIVISION ST
CARSON CITY, NV 89703

Stewart Title Company
c/o THE CORPORATION TRUST COMPANY OF NEVADA
311 S DIVISION ST
CARSON CITY, NV 89703

DEUTSCH BANK NATIONAL TRUST COMPANY
c/o THE CORPORATION TRUST COMPANY OF NEVADA
311 S DIVISION ST
CARSON CITY, NV 89703

Pite Duncan, LLP
701 E BRIDGER AVE, STE 700
LAS VEGAS, NV 89101

Department of the Treasury a/k/a International Monetary Fund
c/o PETER TOLOTTI
3338 GYPSUM RD
RENO, NV 89503/(MAILING ADDRESS) PO BOX 10351 RENO, NV 89510

WOLFE & WYMAN, LLP
980 KELLY JOHNSON DRIVE, SUITE 140
LAS VEGAS, NV 89119-3778

KERRY P. FAUGHNAN, ESQ.
P.O. BOX 335361
NORTH LAS VEGAS, NV 89033

MCCARTHY & HOLTHUS, LLC.
9510 W. SAHARA, SUITE 110
LAS VEGAS, NV 89117

_____
Plaintiff-Claimant-Executor Legitimus-Taylor-Lee: Family of Reynolds (seal)

_____
Plaintiff-Claimant-Executrix Legitima-Connie-Burlyne: Family of Evans (seal)

28

**EXHIBIT A**

REC'D & FILED

2011 DEC 21 PM 12: 05

ALAN GLOVER
CLERK

BY _____
DEPUTY

1

2

3

4

5

6                FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7                            IN AND FOR CARSON CITY

8     TAYLOR-LEE FAMILY OF                    CASE NO.  11 RP 00017 1B
      REYNOLDS, CONNIE-BURLYNE:
9     FAMILY OF EVANS,                        DEPT.      2

10            Plaintiffs-Claimants,

11                                            ORDER GRANTING
      vs.                                     TEMPORARY PROTECTIVE
12                                            ORDER
      HOMECOMINGS FINANCIAL
13    NETWORK, INC. et al GMAC
      MORTGAGE et al., EXECUTIVE
14    TRUSTEES SERVICES LLC, FANNIE
      MAE-FREDDIE MAC, and CEREBRUS
15    CAPITAL MANAGEMENT, LSI TITLE
      CO. INC., NEVADA LEGAL NEWS,
16    DEPARTMENT OF TREASURY a/k/a
      INTERNATIONAL MONETARY FUND,
17    PITE DUNCAN LLP,

18            Defendant.
                                        /
19

20            Taylor Lee Reynolds and Connie Burlyne Evans moved for an ex

21    parte temporary restraining order. It appears from the pleadings their home

22    was foreclosed and they have been served with a notice to quit. It further

23    appears there may be genuine issues concerning the lawfulness of the

24    foreclosure.

25    IT IS ORDERED:

26            The court grants a temporary restraining order prohibiting the eviction of

27    Taylor Lee Reynolds and Connie Burlyne Evans from 5691 Camus Road, Carson

      City, Nevada until this court can hold an evidentiary hearing on **January 27,**

1   **2012 at 1:30 p.m.**

2      It does not appear the plaintiffs have served their complaint as required by

3   Nevada Rule of Civil Procedure (NRCP) 4. If Plaintiffs want to proceed in this

4   matter they are ordered to immediately serve their complaint upon all

5   defendants as required by NRCP 4, and all other documents they have filed

6   upon all defendants as required by NRCP 5. Failure to complete service of the

7   complaint and other documents upon all defendants as required by NRCP 4 and

8   5 by **January 12, 2012** may result in the dissolution of the temporary

9   restraining order, dismissal of this action, or both.

10      December ___21___, 2011

11

12      James E. Wilson Jr.
       District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of The Honorable James E. Wilson, and I certify that on this _21_ day of December, 2011, I deposited for mailing at Carson City, Nevada, or caused to be delivered by messenger service, a true and correct copy of the foregoing order  and addressed to the following:

Taylor Reynolds
Connie B. Evans
5691 Camus Rd.
Carson City, NV   89701

Susan Greenburg
Judicial Assistant