**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TAYLOR LEE REYNOLDS and CONNIE B. EVANS,

        Plaintiffs,

    v.

HOMECOMINGS FINANCIAL NETWORK, INC., et al.,

        Defendants.

3:11-cv-910-RCJ-VPC

**ORDER**

Currently before the Court are a Motion to Dismiss (#4); a Motion to Remand (#12); two Motions to Strike (#23, 31); a Motion for Summary Judgment (#32); a Motion for Application of Entry of Default (#39); a Countermotion to Dismiss for Failure to State a Claim Against Nevada Legal News (#43); and a Motion Objecting to Hearing for Lack of Subject Matter Jurisdiction (#48). The Court heard oral argument on May 29, 2012.

## BACKGROUND

**I.    Facts**

Plaintiffs Taylor L. Reynolds and Connie B. Evans ("Plaintiffs") executed a note secured by a deed of trust on a piece of property located at 5691 Camus Road, Carson City, Nevada 89701, which was recorded in Carson City on April 3, 2006. (Deed of Trust (#4-1) at 2, 4). The mortgage, dated March 28, 2006, was for $373,000. (*Id.* at 3). The lender on the deed of trust was Homecomings Financial Network, Inc. (*Id.* at 2). The trustee on the deed of trust was Stewart Title. (*Id.* at 3). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and claimed to

be the beneficiary[1] under the security instrument. (*Id.*).

On August 1, 2010, Plaintiffs defaulted on their mortgage payments for an unspecified amount. (*See* Notice of Default (#4-3) at 2).

On December 22, 2010, MERS executed an assignment of deed of trust and granted GMAC Corporation, LLC fka GMAC Mortgage Corporation all beneficial interest in the deed of trust. (Assignment of Deed of Trust (#4-2) at 2).

On March 31, 2011, Executive Trustee Services, LLC, as agent for beneficiary, executed a notice of default and election to sell and recorded it with the Carson City Recorder's office the next day. (Notice of Default (#4-3) at 2-3). The notice of default named Executive Trustee Services, LLC as the duly appointed trustee under the deed of trust. (*Id.* at 2). The deed of trust identified the breach of obligations as "installment of principal and interest plus impounds and/or advances which became due on 8/1/2010 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable." (*Id.*).

On September 21, 2011, Executive Trustee Services, LLC recorded a notice of trustee's sale with the Carson City Recorder's office. (Notice of Trustee's Sale (#4-4) at 2). On November 28, 2011, Executive Trustee Services, LLC recorded a trustee's deed upon sale which explained that Executive Trustee Services, LLC had sold the property to GMAC Mortgage, LLC fka GMAC Mortgage Corporation for $307,790.07 at a public auction on November 17, 2011. (Trustee's Deed Upon Sale (#4-5) at 3-4).

**II.   Complaint**

In December 2011, Defendant GMAC Mortgage, LLC filed a petition for removal and attached Plaintiff's complaint from the First Judicial District Court in Carson City. (Pet. for Removal (#1); Compl. (#1-2) at 2-10). In the complaint, Plaintiffs, *pro se*, sued Homecomings Financial Network, Inc.; GMAC Mortgage; Executive Trustee Services, LLC; and Fannie Mae/Freddie Mac (collectively "Defendants"). (Compl. (#1-2) at 2, 4).

---

[1]   Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

2

In the complaint, Plaintiffs appear to allege causes of action for quiet title, Truth in Lending Act ("TILA") violations, and statutorily defective foreclosure. (*See generally id.* at 5-7). Plaintiffs assert that there is a controversy over who are the real parties in interest. (*Id.* at 8). They assert that because no one party can come forth to claim perfected security interest in the deed of trust, the deed of trust is void. (*Id.*). They also assert that their debt has been discharged by credit default swaps, securitization, REMIC, and bailout funds. (*Id.* at 7). They seek a judgment declaring the deed of trust to be null and void, the promissory note to be fully discharged, and that they are the rightful holder and title to the property. (*Id.* at 8-9).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

**I.     Motion to Dismiss (#4)**

On December 27, 2011, GMAC Mortgage moved to dismiss the complaint for failure to state a claim. (Mot. to Dismiss (#4) at 1).[2] GMAC interprets the complaint to state claims

---

[2] Defendants Homecomings Financial Network, Executive Trustee Services, and Federal National Mortgage Association ("Fannie Mae") filed a joinder to the motion to dismiss. (Joinder (#9) at 1). LSI Title Company also filed a joinder to the motion to dismiss. (Joinder (#18) at 1). Nevada Legal News, LLC also filed a joinder to the motion to dismiss. (Joinder (#27) at 1). It appears that Plaintiffs filed an amended complaint in state court after removal naming LSI Title and Nevada Legal News as defendants. (*See* Resp. to Mot. to Strike (#30) at 2). However, Plaintiffs have never filed the amended complaint in this Court. LSI Title and Nevada Legal News decided that their best course of action was to voluntarily appear in the pending action to protect their interests. (*See id.*). To the extent that Nevada Legal News and LSI Title are treated as proper parties to this case, the Court dismisses them from this case because no amended complaint has been filed in this Court naming them as defendants.

4

for quiet title and wrongful foreclosure. (*Id.* at 4-5). GMAC asserts that Plaintiffs cannot state a claim for quiet title because they have not discharged their debt. (*Id.* at 4). GMAC argues that Plaintiffs cannot state a claim for wrongful foreclosure because they did not tender the full amount of their obligation. (*Id.* at 5). GMAC also argues that there is no statutory defect because an agent of the beneficiary may notice a foreclosure sale. (*Id.*). GMAC asserts that it was the beneficiary by way of the assignment and that it had the authority to appoint Executive Trustee Services as its agent to conduct the sale. (*Id.* at 5-6). GMAC asserts that it ratified Executive Trustee Services' actions by purchasing the property at the sale noticed by Executive Trustee Services. (*Id.* at 6).

On January 17, 2012, Defendants filed a notice of non-opposition by Plaintiffs. (Non-Opp'n (#10) at 1). Defendants stated that Plaintiffs' response to the motion to dismiss was due on January 13, 2012, but noted that no response or opposition had been filed. (*Id.* at 2).

On January 24, 2012, Plaintiffs filed a response to the motion to dismiss. (*See generally* Opp'n to Mot. to Dismiss (#14)). They asserted that they had an ongoing medical emergency through December 29th through January 18th and were unable to respond. (*Id.*).

Defendants filed a reply. (Reply to Mot. to Dismiss (#25)).

As an initial matter, to the extent that Plaintiffs are alleging a cause of action for TILA, that claim fails. TILA imposes a one-year statute of limitations within which a claim for damages may be brought. 15 U.S.C. § 1640(e). The limitations period runs from the date of the consummation of the transaction. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). As such, the statute of limitations period has run on the TILA claim because Plaintiffs consummated the loan on March 28, 2006 and filed the instant lawsuit in November 2011. Therefore, the Court grants the motion to dismiss the TILA claim without leave to amend.

The Court denies the motion to dismiss the claims for statutorily defective foreclosure and quiet title. The record demonstrates that Stewart Title was the original trustee under the deed of trust. There is no substitution of trustee in the record demonstrating that Executive Trustee Services is a duly appointed trustee even though Executive Trustee Services executed the notice of default. *See Gomez*, 2009 WL 3617650 at *2 (finding that as long as the note

is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure). As such, the Court denies Defendants' motion to dismiss (#4) the claims for statutorily defective foreclosure and quiet title.

Although the Court was inclined to dismiss Fannie Mae from the lawsuit because there are no allegations in the complaint or in the record that Fannie Mae was involved in the lending or foreclosure process, the Court declines to dismiss Fannie Mae pursuant to the discussions at oral argument. At oral argument, Plaintiffs alleged that Fannie Mae posted an eviction notice on their house post-foreclosure. Fannie Mae admitted that it did not know whether it had or not. As such, Fannie Mae will remain in this case for the time being.

The Court dismisses Homecomings Financial Network from this lawsuit because they executed a valid assignment of the deed of trust to GMAC Mortgage and, thus, had nothing to do with the foreclosure process. Accordingly, the Court GRANTS in part and DENIES in part the motion to dismiss (#4).

**II.     Motion to Remand (#12)**

Plaintiffs filed a motion to remand the case back to the First Judicial District Court for reasons unclear in the motion. (*See generally* Mot. to Remand (#12)).

In response, Defendants argue that the motion to remand should be denied because diversity and federal subject matter jurisdiction exists. (Opp'n to Mot. to Remand (#22) at 3-4).

In this case, diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a)(1) (stating that district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and the case is between citizens of different states). Plaintiffs are residents of Nevada. GMAC is a Delaware LLC with its principal place of business in Pennsylvania and has no members that are residents of Nevada. (Pet. for Removal (#1) at 2). Executive Trustee Services is a California LLC with its principal place of business in California and has no members that are residents of Nevada. (*Id.*). Homecomings Financial LLC is a Delaware LLC with its principal place of business in Pennsylvania and has no members that are residents of Nevada. (*Id.*). Fannie Mae is a governmental entity with its principal place of

business in Washington, D.C. (*Id.*). Additionally, the amount in controversy exceeds $75,000 because the debt on the mortgage is $362,971.48. (*Id.* at 3). Furthermore, federal subject matter jurisdiction exists because Plaintiff alleged a cause of action under TILA. *See* 28 U.S.C. § 1331 (stating that the district courts have original jurisdiction under all civil actions arising under the laws of the United States). As such, jurisdiction exists and this Court denies the motion to remand (#12).

**III.    Motion to Strike (#23)**

Plaintiffs file an incoherent motion to strike the joinders filed in this case. (Mot. to Strike (#23) at 1).

In response, LSI Title states that there has been no amended complaint filed in this Court, but notes that Plaintiffs filed an amended complaint in state court after removal. (Resp. to Mot. to Strike (#30) at 2). LSI Title asserts that the amended state court complaint named LSI Title as a defendant and LSI Title decided to voluntarily appear in the pending action to protect its interests. (*Id.* at 2). LSI Title asserts that the motion to strike should be denied. (*Id.* at 3).

The Court grants the motion to strike the joinders (#23) because LSI Title and Nevada Legal News are not parties to this action. There has been no amended complaint filed in this Court naming them as defendants.

**IV.    Motion to Strike (#31)**

Plaintiffs file another incoherent motion to strike the joinders filed in this case. (Mot. to Strike (#31) at 1).

The Court grants this motion (#31) for the reasons stated above.

**V.    Motion for Summary Judgment (#32)**

Plaintiffs file a 29-page incoherent motion for summary judgment. (Mot. for Summ. J. (#32) at 1). Defendants filed a response.[3] (Resp. to Mot. for Summ. J. (#35)). Plaintiffs filed an incoherent reply. (Reply to Mot. for Summ. J. (#40)).

---

[3] LSI Title and Nevada Legal News filed joinders to the response to motion for summary judgment. (Joinder (#37, 41)).

The Court denies the motion for summary judgment (#32) because Plaintiffs do not set forth any evidence demonstrating that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. As noted above, Plaintiffs fail to state a claim for a TILA violation. Additionally, Plaintiffs have not provided any evidence that Executive Trustee Services never had any authority to file a notice of default.[4] As such, the Court denies the motion for summary judgment (#32).

**VI.    Motion for Application for Entry of Default (#39)**

Plaintiffs seek a default against Nevada Legal News because Nevada Legal News failed to respond to their motion for summary judgment. (Mot. for Default (#39) at 1).

In response, Nevada Legal News argues that there is no grounds for an entry of default. (Opp'n to Mot. for Default (#43) at 1).

The Court denies the motion for application for entry of default (#39). Nevada Legal News is not a party to this case. The only complaint filed in this Court is the original complaint filed with the petition for removal. The original complaint does not name Nevada Legal News as a defendant. Nevada Legal News is not a party to this action in this Court and, therefore, there are no grounds to award an entry of default against a non-party.

**VII.   Countermotion to Dismiss for Failure to State a Claim Against Nevada Legal News (#43)**

Nevada Legal News moves to dismiss the action against it based on Bankruptcy Rule 7012(b)(6). (Countermotion to Dismiss (#43) at 2). Nevada Legal News asserts that it is only named as a defendant in the caption of the amended complaint but that there are no allegations against it in the body of the complaint. (*Id.*).

Plaintiffs did not file a response. (*See generally* Docket Sheet).

In this case, the Court denies the countermotion for lack of jurisdiction (#43). Nevada Legal News is not a party to this case because no amended complaint was ever filed in this Court. As such, there is no cause of action stated against Nevada Legal News and this Court

---

[4] The Court notes that, when Defendants file a motion for summary judgment, they will need to provide evidence demonstrating that Executive Trustee Services was a properly substituted trustee.

8

has no grounds to rule on this motion.

**VIII.    Motion Objecting to Hearing for Lack of Subject Matter Jurisdiction (#48)**

Plaintiffs file a motion objecting to the scheduled hearing because they assert that the Court lacks subject matter jurisdiction to hear the case.  (Mot. Obj. to Hearing (#48) at 1-2).

The Court denies this motion (#48) because this Court has both diversity and federal subject matter jurisdiction as discussed in the reasons for denying the motion to remand.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Motion to Dismiss (#4) is DENIED in part as to the claims for defective statutory foreclosure and quiet title, but GRANTED in part to the TILA claim.

IT IS FURTHER ORDERED that Homecomings Financial Network is DISMISSED from this case.

IT IS FURTHER ORDERED that the Motion to Remand (#12) is DENIED.

IT IS FURTHER ORDERED that the Motions to Strike (#23, 31) are GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (#32) is DENIED.

IT IS FURTHER ORDERED that the Motion for Application of Entry of Default (#39) is DENIED.

IT IS FURTHER ORDERED that the Countermotion to Dismiss for Failure to State a Claim Against Nevada Legal News (#43) is DENIED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Motion Objecting to Hearing for Lack of Subject Matter Jurisdiction (#48) is DENIED.

///
///
///
///
///
///
///

IT IS FURTHER ORDERED that, to the extent that the parties are treating Nevada Legal News and LSI Title as parties to this case, Nevada Legal News and LSI Title are DISMISSED from this case because there has been no complaint filed in this Court naming them as defendants.

DATED: This 18th day of July, 2012.

_____
United States District Judge