**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TAYLOR LEE REYNOLDS and CONNIE B. EVANS,

        Plaintiffs,

    v.

HOMECOMINGS FINANCIAL NETWORK, INC. et al.,

        Defendants.

3:11-cv-910-RCJ-VPC

**ORDER**

Currently before the Court are a Motion for Summary Judgment (#57), a Motion for Leave to File an Amended Complaint (#67), and a Notice of Admissions and Notice of Motion and Motion to Go Forward (#72).

**BACKGROUND**

**I.    Complaint**

In December 2011, Defendant GMAC Mortgage, LLC filed a petition for removal and attached Plaintiffs Taylor L. Reynolds and Connie B. Evans' ("Plaintiffs") complaint from the First Judicial District Court in Carson City. (Pet. for Removal (#1); Compl. (#1-2) at 2-10). In the complaint, Plaintiffs, *pro se*, sued Homecomings Financial Network, Inc.; GMAC Mortgage; Executive Trustee Services, LLC; and Fannie Mae/Freddie Mac (collectively "Defendants"). (Compl. (#1-2) at 2, 4).

In the complaint, Plaintiffs appeared to allege causes of action for quiet title, Truth in Lending Act ("TILA") violations, and statutorily defective foreclosure. (*See generally id.* at 5-7). Plaintiffs asserted that there was a controversy over who the real parties in interest were. (*Id.* at 8). Plaintiffs asserted that because no one party could come forth to claim a perfected

security interest in the deed of trust, the deed of trust was void. (*Id.*). They also asserted that their debt had been discharged by credit default swaps, securitization, REMIC, and bailout funds. (*Id.* at 7). They sought a judgment declaring that the deed of trust was null and void, that the promissory note had been fully discharged, and that they were the rightful holder and title to the property. (*Id.* at 8-9).

## II.     Foreclosure Facts

Plaintiffs executed a note secured by a deed of trust on a piece of property located at 5691 Camus Road, Carson City, Nevada 89701, which was recorded in Carson City on April 3, 2006. (Deed of Trust (#4-1) at 2, 4). The mortgage, dated March 28, 2006, was for $373,000. (*Id.* at 3). The lender on the deed of trust was Homecomings Financial Network, Inc. (*Id.* at 2). The trustee on the deed of trust was Stewart Title. (*Id.* at 3). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On August 1, 2010, Plaintiffs defaulted on their mortgage payments for an unspecified amount. (*See* Notice of Default (#4-3) at 2).

On December 22, 2010, MERS executed an assignment of the deed of trust and granted GMAC Corporation, LLC fka GMAC Mortgage Corporation all beneficial interest in the deed of trust. (Assignment of Deed of Trust (#4-2) at 2).

On March 31, 2011, Executive Trustee Services, LLC, as agent for beneficiary, executed a notice of default and election to sell and recorded it with the Carson City Recorder's office the next day. (Notice of Default (#4-3) at 2-3). The notice of default named Executive Trustee Services, LLC as the duly appointed trustee under the deed of trust. (*Id.* at 2). The deed of trust identified the breach of obligations as "installment of principal and interest plus impounds and/or advances which became due on 8/1/2010 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable." (*Id.*).

On September 21, 2011, Executive Trustee Services, LLC recorded a notice of trustee's

sale with the Carson City Recorder's office. (Notice of Trustee's Sale (#4-4) at 2). On November 28, 2011, Executive Trustee Services, LLC recorded a trustee's deed upon sale which explained that Executive Trustee Services, LLC had sold the property to GMAC Mortgage, LLC fka GMAC Mortgage Corporation for $307,790.07 at a public auction on November 17, 2011. (Trustee's Deed Upon Sale (#4-5) at 3-4).

### III.     July 2012 Order

Based on the foreclosure facts stated above, this Court denied in part and granted in part Defendants' motion to dismiss. (Order (#56) at 9). The Court granted the motion to dismiss the TILA claim but denied the motion to dismiss the claims for statutorily defective foreclosure and quiet title. (*Id.* at 5-6). This Court found that the record demonstrated that Stewart Title was the original trustee under the deed of trust but that there was no substitution of trustee in the record demonstrating that Executive Trustee Services was a duly appointed trustee even though it had executed the notice of default. (*Id.* at 5). The Court directed Defendants to provide evidence demonstrating that Executive Trustee Services was a properly substituted trustee upon filing a motion for summary judgment. (*Id.* at 8 n.4). This Court dismissed Homecomings Financial Network from the lawsuit because it had executed a valid assignment of the deed of trust to GMAC Mortgage. (*Id.* at 6).

The pending motions now follow.

### LEGAL STANDARD

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and

evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

## DISCUSSION

**I.    Defendants' Motion for Summary Judgment (#57)**

Defendants file a motion for summary judgment and attach a copy of the substitution of trustee. (Mot. for Summ. J. (#57) at 3, 7). The substitution of trustee demonstrates that Franco Torres, an authorized officer, executed the substitution of trustee on March 21, 2011, substituting Executive Trustee Services, LLC as the trustee under the deed of trust. (Substitution of Trustee (#57) at 7-8). The affidavit of Russell Calhoun, a Senior Litigation Analyst for GMAC Mortgage, LLC, states that Franco Torres has been employed with GMAC Mortgage, LLC for three years and two months and is a quality assurance agent. (Calhoun

Aff. (#57) at 10). Calhoun states that GMAC Mortgage, LLC had instructed and authorized Torres, as a quality assurance agent, to execute the substitution of trustee. (*Id.*). Calhoun states that the substitution of trustee is a true and correct copy. (*Id.*).

In response, Plaintiffs, *pro se*, argue that the Court should deny the motion for summary judgment in its entirety because there are facts in dispute and triable issues of fact. (Opp'n to Mot. for Summ. J. (#61) at 2). Specifically, Plaintiffs dispute whether various Defendants had the authority to execute assignments and/or substitutions of trustees. (*Id.*). Plaintiffs also assert that Defendants' notice of default was defective because it did not comply with the current version of NRS § 107.080(2)(c)(1)-(6). (*Id.* at 3-4).

In reply, Defendants assert that no material facts are genuinely in dispute. (Reply to Mot. for Summ. J. (#63) at 3). Defendants assert that Assembly Bill ("AB") 284, or the new NRS § 107.080, does not apply to this case because Plaintiffs' notice of default was recorded on April 1, 2011, and AB 284 did not become effective until October 1, 2011. (*Id.* at 5).

The Court grants summary judgment to Defendants on the claims for statutorily defective foreclosure and quiet title. The substitution of trustee and affidavit provided by Defendants demonstrate that GMAC Mortgage had properly substituted Executive Trustee Services in place of Stewart Title prior to Executive Trustee Services executing the notice of default on March 31, 2011. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, * 2 (D. Nev. 2009) (finding that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure). As such, the Court grants the motion for summary judgment (#57) in its entirety with prejudice.

Moreover, AB 284 does not apply in this case because AB 284's stricter notice of default requirements only apply to notices of defaults filed on or after October 1, 2011. *See Peterson v. Am. Home Mortg.*, 2012 WL 1739715, *2 (D. Nev. 2012). Because Executive Trustee Services executed a notice of default on March 31, 2011, AB 284 does not apply.

II.     **Plaintiffs' Motion for Leave to File an Amended Complaint (#67)**

Plaintiffs move to file an amended complaint that includes causes of action for

5

declaratory relief to determine the status of Defendants' claims, violation of the Fair Debt Collection Practices Act ("FDCPA"), accounting, trespass, and quiet title. (Mot. to Amend (#67) at 1; Am. Compl. (#67-1) at 19-27).

Defendants filed a response and Plaintiffs filed a reply. (Resp. to Mot. to Amend (#68); Sur-reply to Mot. to Amend (#70)).

A court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

In this case, the Court denies the motion to file an amended complaint based on futility. As discussed above, Defendants properly foreclosed on the property and, thus, Plaintiffs fail to state a claim for declaratory relief and quiet title. Additionally, foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA, 15 U.S.C. § 1692. *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011). Therefore, Plaintiffs fail to state a claim under the FDCPA. Plaintiffs appear to couch the trespass claim in terms of clouding the title to their property and tarnishing their standing and good name in the credit community. (*See* Am. Compl. (#67-1) at 26). Because Defendants properly foreclosed on the property there is no claim for "trespassing" on Plaintiff's title and credit standing. Plaintiffs also fail to state a claim for accounting because there is no relationship of special trust between Plaintiffs and Defendants and, thus, Plaintiffs are not entitled to accounting. *See Thomas v. Wachovia Mortg., FSB*, 2011 WL 3159169, *6 (D. Nev. 2011) (finding that absent special circumstances, no relationship of special trust exists between a lender and borrower to sustain an action for accounting). As such, the Court finds that amendment would be futile and denies Plaintiffs' motion for leave to file an amended complaint (#67).

///

### III. Plaintiffs' Notice of Admissions by Defendants and Notice of Motion and Motion to Go Forward (#72)

Plaintiffs file a motion arguing that Defendants have accepted Plaintiffs' version of the facts because Defendants did not rebut Plaintiffs' version of the facts in the response to the motion for summary judgment, proposed amended complaint, and reply to motion for leave to amend. (Mot. of Notice (#72) at 1-2).

The Court finds that this motion is without merit and denies the motion for notice (#72). Defendants have disputed Plaintiffs' version of the facts in every pleading by providing the Court with the documents at issue in this foreclosure.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion for Summary Judgment (#57) is GRANTED in its entirety. There are no remaining claims in this case.

IT IS FURTHER ORDERED that Plaintiffs' Verified Motion for Leave to File an Amended Complaint (#67) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Notice of Admissions by Defendants and Notice of Motion and Motion to Go Forward (#72) is DENIED.

The Court of the Clerk shall enter judgment accordingly.

DATED: This 25th day of January, 2013.

_____
United States District Judge